UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF TEXAS
DALLAS DIVISION

| | | |
|---|---|---|
| OYO HOTELS, INC. | § | |
| | § | |
|   Plaintiff, | § | |
| | § | |
| | § | |
| v. | § | CIVIL ACTION NO. 3:23-CV-1602-B |
| | § | |
| SONNY PARMAR; MAHESH | § | |
| ENTERPRISES LLC; VISHNU, INC.; | § | |
| JAGADISH, INC.; SHIVAJI | § | |
| INVESTMENT LLC; and PREM | § | |
| CRESWELL LLC, | § | |
| | § | |
|   Defendants. | § | |

## MEMORANDUM OPINION AND ORDER

Before the Court is Plaintiff OYO Hotels, Inc. ("OYO")'s Supplemental Briefing on its Motion for Default Judgment (Doc. 41). For the following reasons, the Court **GRANTS IN PART** and **DENIES IN PART** the Motion.

I.

BACKGROUND

This is a breach of contract dispute involving five hotels and one individual who solely or partly owned each of the hotel entities. *See* Doc. 1, Compl., ¶¶ 45–74. The dispute spans multiple years, multiple contracts, and asserts thirteen total claims against six defendants. *See id.*

In 2019, OYO entered into Marketing, Consulting, and Revenue Management Agreements ("Marketing Agreement(s)") with five hotel entities, (1) Mahesh Enterprises LLC d/b/a Red Lion Inn & Suites ("Mahesh"); (2) Vishnu, Inc. d/b/a Red Lion Inn & Suites Glendive ("Vishnu"); (3) Jagadish, Inc. ("Jagadish"); (4) Shivaji Investment LLC ("Shivaji"); and (5) Prem Creswell LLC

("Prem Creswell") (collectively, "Hotel Defendants"). *See Id.* at ¶¶ 2–7, 45–74. OYO entered a separate Marketing Agreement with each Hotel, and conditioned giving capital to each Hotel on the respective Hotel improving its facilities and giving various listing and booking rights to OYO. *Id.* OYO alleges the Hotel Defendants breached the Marketing Agreements by failing to make these improvements. *Id.* OYO alleges that the various Hotel Defendants owe it termination fees based on the terms of the respective Marketing Agreements. *Id.* at ¶¶ 45–74.

OYO subsequently entered two separate agreements: a Guaranty Agreement and a Secured Promissory Note ("Loan Agreements"), with Defendant Sonny Parmar, individually, to loan him $337,000 on the condition that he personally guaranty the prior loans to the Hotels and pay back the $337,000 with interest according to a defined payment schedule. *See id.*, ¶¶ 75–84; Doc. 41, Ex. 2; Doc. 41, Ex. 4. The Secured Promissory Note also imposed a 13% interest rate if Parmar defaulted. *See* Doc. 1, Compl., ¶¶ 75–84; Doc. 41, Ex. 2, 3.

OYO alleges that no Defendants made any payments toward the Loan Agreement balance, and therefore both Parmar and the Hotels breached their respective agreements. Doc. 1, Compl., ¶¶ 81–84. Finally, OYO claims that all six defendants entered—and subsequently breached—a collective Forbearance Agreement between OYO and the six defendants, as well as non-party Prem Hotel Group. *See Id.* ¶¶ 86–90; Doc. 41-1, Ex. 1, 1–5. In the Forbearance Agreement, OYO agreed to help Parmar obtain a federal loan and to forebear enforcement of its rights against Parmar and the Hotels under the Marketing and Loan Agreements. *See* Doc. 41-1, Ex. 1, 1–19. In exchange, Parmar and the Hotel Defendants agreed to pay $5,000 per month to OYO in satisfaction of Parmar's debt under the Loan Agreements as well as a one-time payment to OYO of $400,000 upon

the funding of the federal loan. *Id.* at 7–8. However, neither Parmar nor the Hotel Defendants apparently made any of the required payments. *See id.*; Doc. 1, Compl., ¶ 87.

The Forbearance Agreement included a provision to "impose the 'Default Rate' of interest (as defined and set forth in the Secured Promissory Note)" on all Defendants in the event of breach. Doc. 41-1, Ex. 1, 6. Parmar signed the Forbearance Agreement in his capacity as a personal Guarantor and Borrower, as well as in his capacity as a "Member" for six hotel entities (including non-party Prem Hotel Group). *Id.* at 18. However, unlike the Forbearance Agreement, the Secured Promissory Note is not signed by any of the Hotel Defendants. Doc. 41-2, Ex. 2, 10.

None of the Defendants have appeared to respond to OYO's Complaint. The clerk entered a default as to all Defendants in October 2023. *See* Doc. 28, Default, 1; Doc. 30, Default, 1. On November 3, 2023, OYO filed a Motion for Default Judgment, requesting $1,454,445.00 in damages—calculated as $1,136,317.00 in unpaid principal balance and $318,127.00 in unpaid interest. *See* Doc. 35, Mot., 16. OYO also requested $37,147.50 in attorney's fees and $812.15 in costs. *Id.* at 20.

The Court granted default judgment on the claims for: (1) breach of the Forbearance Agreement by Shivaji; (2) breach of the Forbearance Agreement by Prem Creswell; (3) breach of the Marketing Agreement by Mahesh; (4) breach of the Forbearance Agreement by Mahesh; (5) breach of the Secured Promissory note by Parmar; (6) breach of the Guaranty by Parmar; and (7) breach of the Forbearance Agreement by Parmar. Doc. 40, Mem. Op. & Order, 26. The Court denied default judgment on all other claims. *Id.*

However, the Court did not award damages. *Id.* The Court ordered OYO to "supplement its Motion with additional briefing and evidence setting forth the damages it is entitled to with respect

to the seven claims for which [the] Court . . . granted default judgment." *Id.* OYO filed supplemental briefing. *See* Doc. 41., Mot. The Court considers its briefing below.

## II.

## LEGAL STANDARD

"After a default judgment, the plaintiff's well-pleaded factual allegations are taken as true, except regarding damages." *U.S. for Use of M-Co Constr., Inc. v. Shipco Gen., Inc.*, 814 F.2d 1011, 1014 (5th Cir. 1987). Normally, damages are not to be awarded "without a hearing or a demonstration by detailed affidavits establishing the necessary facts." *See United Artists Corp. v. Freeman*, 605 F.2d 854, 857 (5th Cir. 1979). "That rule, however, is subject to an exception where the amount claimed is a liquidated sum or one capable of mathematical calculation." *James v. Frame*, 6 F.3d 307, 310 (5th Cir. 1993) (internal footnote omitted). The award of damages without an evidentiary hearing is best exercised only when there is significant substantive evidence that allows for a precise calculation. *See id.*

## III.

## ANALYSIS

The Court **GRANTS IN PART** and **DENIES IN PART** OYO's Motion. The Court awards $229,758.25 in damages against Mahesh, $107,000 in damages against Prem Creswell, and $337,000 in damages against Parmar. Parmar is also jointly and severally liable for the damages awarded against Mahesh and Prem Creswell. All awards are subject to a 13% per year interest rate accumulating from February 2, 2022, to the date of payment. Lastly, the Court defers entering an award of attorney's fees.

A.     *The Court Awards $229,758.25 in Damages Against Mahesh.*

The Court awards $229,785.25 in damages against Mahesh at an interest rate of 13% per year accumulating from February 2, 2022, to the date of payment. The Court previously granted OYO's Motion for Default Judgment on its claim against Mahesh for breach of the Forbearance Agreement. Doc. 40, Mem. Op. & Order, 20. The Forbearance Agreement states that Mahesh owes OYO a termination fee of $228,352.25 as well as an outstanding business recovery loan of $1,406, totaling to $229.785.25. Doc. 41-1, Ex. 1, 4–5. The Forbearance Agreement also clearly provides a non-default interest rate of 8% per year plus a default rate of 5%, as set out in the Secured Promissory Note. *Id.* at 6; Doc. 41-2, Ex. 2, 3. Therefore, the interest rate is 13% from the date of default, February 2, 2022. Doc. 1, Compl., ¶ 40.

Even though Mahesh did not sign the Secured Promissory Note, Mahesh is still subject to the default interest rate under the doctrine of incorporation by reference. In Texas, "a contract may incorporate an unsigned document by reference 'provided the document signed by the defendant plainly refers to another writing.'" *Sierra Frac Sand, L.L.C. v. CDE Glob. Ltd.*, 960 F.3d 200, 203 (5th Cir. 2020). Here, Mahesh signed the Forbearance Agreement, which plainly referred to the default interest rate set out in the Secured Promissory Note, which was 13%. *See* Doc. 41-1, Ex. 1, 6; Doc. 41-2, Ex. 2, 3. Accordingly, the Court awards $229,758.25 in damages at an interest rate of 13% per year, accumulating from February 2, 2022.

B.     *The Court Awards $107,00 in Damages Against Prem Creswell.*

The Court awards $107,000 in damages against Prem Creswell at an interest rate of 13% per year, which started accumulating on February 2, 2022. The Court previously granted OYO's Motion for Default Judgment on its claim against Prem Creswell for breach of the Forbearance Agreement.

Doc. 40, Mem. Op. & Order, 17. The Forbearance Agreement states that Prem Creswell owes OYO a termination fee of $107,000. Doc. 41-1, Ex. 1, 4. The Forbearance Agreement also clearly states a non-default interest rate of 8% per year plus a default rate of 5%. *Id.* at 6; Doc. 41-2, Ex. 2, 3. For the same reasons discussed above for Mahesh, Prem Creswell is subject to the 13% interest rate. Accordingly, the Court awards $107,000 in damages at an interest rate of 13% per year, accumulating from February 2, 2022.

C.    *The Court Awards $337,000 in Damages Against Parmar.*

The Court awards $337,000 against Parmar at an interest rate of 13% per year, which began accumulating on February 2, 2022. The Court previously granted Oyo's Motion for Default Judgment on its claim against Parmar for breach of the Forbearance Agreement. Doc. 40, Mem. Op. & Order, 23. The Forbearance Agreement states that Parmar owes OYO $337,000 for failing to pay the consolidated loan. Doc. 41-1, Ex. 1, 1. The Secured Promissory Note also clearly states a non-default interest rate of 8% per year plus a default rate of 5%. *Id.* at 6; Doc. 41-2, Ex. 2, 3. Parmar signed the Secured Promissory Note and is thus subject to the default rate. Doc. 41-2, Ex. 2, 10. Accordingly, the Court awards $337,000 in damages at an interest rate of 13% per year, accumulating from February 2, 2022.

D.    *Parmar is Jointly and Severally Liable for Mahesh and Prem Creswell's Default.*

Parmar is jointly and severally liable for damages awarded against Mahesh and Prem Creswell. Parmar signed the Forbearance Agreement on behalf of each hotel entity. Doc. 41-1, Ex. 1, 18. "A guarantee of payment means that the guarantor is jointly and severally liable." *Walter Auto Loan Tr. v. Mansfield Fin. Grp. Inc.*, No. 4:23-CV-00974-P, 2024 WL 2982940, at *4 (N.D. Tex. June 13, 2024) (Pittman, J.). Accordingly, Parmar is liable for the obligations of the Mahesh and Prem Creswell.

But Parmar is not liable for damages from Jagadish's default. OYO argues that the Court should also award $149,150.07 for Jagadish's default. Doc. 41, Br., 6. However, the Court denied entering default judgment against Jagadish because OYO did not adequately show that Jagadish had been served. Doc. 40, Mem. Op. & Order, 6. As such, the Court did not determine whether OYO stated a claim against Jagadish for breach of the Forbearance Agreement. Accordingly, the Court will not award damages against Parmar for Jagadish's underlying breach.

E.      *Attorney's Fees Cannot Be Granted at This Time.*

OYO also seeks attorney's fees. "A person may recover reasonable attorney's fees from an individual or organization . . . , in addition to the amount of a valid claim and costs, if the claim is for . . . an oral or written contract." TEX. CIV. PRAC. & REM. CODE § 38.001(b)(8). OYO testifies that the reasonable and necessary attorney's fees in this case amount to $37,174.50 and $812.15 in costs. Doc. 41, Mot., 9. However, the Court finds that OYO has not adequately briefed the Court on why its "requested fees are both reasonable and necessary." *Rohrmoos Venture v. UTSW DVA Healthcare, LLP*, 578 S.W.3d 469, 489 (Tex. 2019). The party seeking attorneys' fees must provide, "at a minimum, evidence of (1) particular services performed, (2) who performed those services, (3) approximately when the services were performed, (4) the reasonable amount of time required to perform the services, and (5) the reasonable hourly rate for each person performing such services." *Id.* at 502. Here, OYO fails to describe the particular services performed and when the services were performed. *See* Doc. 41-5, Affidavit, 4–5. Accordingly, the Court **ORDERS** OYO to submit supplemental briefing on attorney's fees within **21 days** from the date of this Order.

\*\*\*

In sum, Parmar and Mahesh are jointly and severally liable for $229,758.25. Parmar and Prem Creswell are jointly and severally liable for $107,000. Finally, the Court awards $337,000 in damages against Parmar individually. All awards are subject to a 13% per year interest rate accumulating from February 2, 2022 to the date of payment.

## IV.

## CONCLUSION

For the foregoing reasons, the Court **GRANTS IN PART** and **DENIES IN PART** OYO's Amended Motion for Default Judgment.  Should OYO wish to seek attorney's fees, its supplemental materials are due **21 days** from the date of this Order.

**SO ORDERED**

**SIGNED: July 10, 2025.**

_____
JANE J. BOYLE
UNITED STATES DISTRICT JUDGE